United States District Court
Southern District of Texas
**ENTERED**
July 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROMERO SARKOZY | § | |
| (A/k/a JAICOURRIE FINLEY), | § | |
| (A/k/a MATTHEW MACCALLISTER), | § | |
| (A/k/a ROMERO ZAPATEROU), | § | |
| (TDCJ-CID #1354674) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-16-1873 |
| | § | |
| WILLIAM STEPHENS, *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Romero Sarkozy,[1] a Texas Department of Criminal Justice inmate, sued in June 2016, alleging civil rights violations resulting from a sexual assault. He seeks leave to proceed without prepaying fees. Sarkozy, representing himself, sues William Stephens, the former Director of TDCJ. The threshold issue is whether his claims are barred by outstanding sanctions and by the three-strikes provision of 28 U.S.C. § 1915(g).

Sarkozy alleges that on January 4, 2016, Stephens put his mouth on Sarkozy's penis and that they engaged in anal sex. Sarkozy alleges that Stephens threatened to castrate him if he reported the sexual assault. Sarkozy has made similar allegations before. In Civil Action Number 4:15-0019, he accused Brad Livingston, the former Executive Director of the Texas Department of Criminal Justice, of a similar sexual assault that occurred in December 2014. That case was dismissed in

---

[1] Sarkozy states that he has the following aliases: Jaicourrie Finley and Matthew MacCallister. (Docket Entry No. 1, p. 4). Court records also indicate that he has used the name Romero Zapaterou. Sarkozy has filed lawsuits using these various aliases and names, and this court will refer to Sarkozy by any of his aliases.

January 2015. In the present case, Sarkozy seeks compensatory damages of $1,000,000.00 and punitive damages of $5,000,000.00.

A prisoner may not bring a civil action without prepaying fees in federal court if, while he was incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Before Sarkozy filed this action, he had at least three suits dismissed as frivolous. *See Finley v. Wilkins,* 2:10-0227, N.D. Tex., dismissed as frivolous on March 27, 2012; *Finley v. Robinson,* 2:11-0141, N.D. Tex., dismissed as frivolous on November 14, 2011; and *Finley v. Hudson,* 5:09-0146, E.D. Tex., dismissed as frivolous on March 15, 2011.

In addition, in Civil Action Number 2:11-CV-0072, Sarkozy was sanctioned for filing a frivolous pleading. The sanctions order stated:

> The Clerk of the United States District Court for the Northern District of Texas, Amarillo Division, shall accept no further civil lawsuits or habeas corpus petitions from [Sarkozy; using the name of] JAICOURRIE FINLEY unless accompanied by a motion for leave to file such new lawsuit or petition. The motion for leave to file must explain why the new lawsuit or petition is not frivolous, and show good cause for the Court to accept and file it. Any new lawsuit or petition from JAICOURRIE FINLEY not accompanied by a motion meeting this requirement may be returned to him unfiled, or may be filed and then dismissed for failure to seek leave, at the discretion of the Court. This sanction shall not affect FINLEY's right to pursue any lawsuit or petition for which leave to file is granted by the Court.

*Finley v. Stephens*, Civil Action Number 2:11-CV-0072 (N.D. Tex. July 16, 2013).

Sarkozy has filed a motion for leave to file the present action, (Docket Entry No. 2), but he offers nothing to support granting the motion. Sarkozy is barred from proceeding with this action, both because of the prior sanctions and because of the three-strikes bar of 28 U.S.C. § 1915(g). He

2

has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. He is independently barred from proceeding by the outstanding sanctions order.

Sarkozy's motion to proceed without prepaying fees, (Docket Entry No. 3), is denied. The complaint is dismissed under 28 U.S.C. § 1915(g) and the outstanding sanctions order. Sarkozy's motion for leave to file, (Docket Entry No. 2), is denied. Sarkozy's motion to waive filing of trust fund statement, (Docket Entry No. 4), is denied. All other pending motions are denied. Sarkozy is warned that continued frivolous filings may result in yet more sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, Attention: Manager of the Three-Strikes List, Lori_stover@txed.uscourts.gov.

SIGNED on July 22, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge